UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL, #378696,

        Plaintiff,

                      CASE NO. 05-CV-60077-AA
v.                      HONORABLE JOHN CORBETT O'MEARA

JAMES TOWNSEND,

        Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

      The Court has before it Plaintiff Perry O. Mackall's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case was originally filed in the United States District Court for the Western District of Michigan, but transferred to this Court on the basis of venue. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

      Plaintiff is a state prisoner currently confined at the Deerfield Correctional Facility in Ionia, Michigan. The actions giving rise to this complaint arose while Plaintiff was incarcerated at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Defendant James Townsend is an assistant grievance coordinator at that facility. In his complaint, Plaintiff alleges that Defendant Townsend denied him access to the grievance procedure by improperly placing him on modified access to the grievance procedure for filing unfounded or frivolous grievances. Plaintiff states that Defendant Townsend acted outside his authority and in retaliation for

Plaintiff filing a grievance against him.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has failed to state claims upon which relief may be granted under 42 U.S.C. § 1983.

## II. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

In this case, Plaintiff first alleges that Defendant Townsend denied him access to the grievance procedure by placing him on modified access to the grievance procedure. Plaintiff has

not stated a claim concerning the alleged interference with his ability to file grievances. There is no inherent constitutional right to an effective prison grievance procedure or a constitutionally protected due process right to unfettered access to the prison grievance process. *See Walker v. Michigan Dep't. of Corrections*, 2005 WL 742743, *3 (6th Cir. April 1, 2005) (unpublished) (citing *Young v. Gundy*, 30 Fed. Appx. 568, 569-70 (6th Cir. 2002); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *Argue v. Hofmeyer*, 80 Fed. Appx. 427, 430 (6th Cir. 2003) (citing cases). Additionally, the United States Court of Appeals for the Sixth Circuit has held that placement on modified access status does not impinge on a prisoner's First Amendment right to file meritorious grievances or court actions. *See Walker, supra*, at *4 (citing cases). Because the violation of a constitutional right is required to obtain relief under § 1983 and Plaintiff has failed allege one, he is not entitled to relief on his claim that he was denied access to the grievance procedure by being placed on modified access. *See Walker, supra*, at *3-4; *Antonelli*, 81 F.3d at 1430.

Plaintiff also asserts that Defendant Townsend's placed him on modified access to retaliate against him for filing a grievance against Townsend. Plaintiff, however, again fails to state a claim upon which relief may be granted. To state a retaliation claim, a plaintiff must allege (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). Plaintiff has arguably met the first (and third) prongs of this test because prisoners have a First Amendment right to file non-frivolous

grievances without being subject to retaliation. *See Lewis v. Casey*, 518 U.S. 343, 352-53 & n. 3-4 (1996). He cannot, however, meet the second prong as the United States Court of Appeals for the Sixth Circuit has held that an ordinary person of reasonable firmness would not be deterred form filing non-frivolous grievances merely because he has been placed on modified status. *See Walker, supra*, at *3-4; *see also Moore v. Sergent*, 22 Fed. Appx. 472, 474 (6th Cir. 2001) (finding that plaintiff was not subject to retaliation by being placed on modified access to the grievance procedure because he may still file grievances as long as they are not duplicative, frivolous, or untimely). Further, Plaintiff has neither alleged nor established that his placement on modified access has impeded his ability to file meritorious grievances. Plaintiff has thus failed to state a retaliation claim. His complaint is therefore subject to dismissal for failure to state claims upon which relief may be granted.

Lastly, the Court notes that Plaintiff lists numerous other individuals as defendants in his pleadings, but does not make specific allegations against them in the body of his complaint. Plaintiff has instead filed separate complaints against those individuals in this Court and in the United States District Court for the Western District of Michigan. Accordingly, the Court concludes that Plaintiff has failed to state a claim against other defendants in this particular action, *see Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (some factual basis for § 1983 claims must be set forth in the pleadings), and dismisses the complaint as to the additional defendants listed by Plaintiff.

### III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state claims upon which relief may be granted in his complaint. Accordingly,

**IT IS ORDERED** that Plaintiff's § 1983 complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).


s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge


Dated:  May 12, 2005

5:05-cv-60077-JCO-WC Doc # 5 Filed 05/12/05 Pg 6 of 6 Pg ID 40